Max Freifeld v. Commissioner.
Freifeld v. Commissioner
Docket No. 18163.
United States Tax Court
1949 Tax Ct. Memo LEXIS 274; 8 T.C.M. (CCH) 81; T.C.M. (RIA) 49018; January 31, 1949
*274 Respondent sustained for failure of proof of error. Fraud penalty approved. Mortimer M. Lerner, Esq., 280 Madison Ave., New York, N. Y., for the petitioner. John J. Madden, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined a deficiency of $2,549.16 in petitioner's income tax for 1944, to which he added a fraud penalty of $1,319.08. In his petition taxpayer alleged error by respondent (1) in increasing gross income in the sum of $7,505.25 for understatement of sales, (2) in the disallowance of travel and entertainment expenses of $260, (3) disallowance of a contribution of $100, and (4) in the finding of a penalty of 50 per cent for fraud. At the hearing no testimony respecting items 2 and 3 was introduced. Accordingly, the only issues remaining for decision are items 1, understatement of sales, and 4, the fraud penalty. Petitioner's return was filed with the collector of internal revenue for the first district of Pennsylvania. Taxpayer's sole witness was the petitioner. His testimony was evasive, incoherent and obviously unreliable. His explanation of his dealings with one Howard Berman was so incredible as *275 to be utterly unbelievable. The long and the short of the matter is, much of petitioner's testimony is beyond belief and we can give it no credence. From the whole record, we are of the opinion that the elusive Howard Berman was a fictional character, a mere name assumed by petitioner in part of his dealings for the obvious purpose of supporting an understatement of sales in his tax returns. Entertaining the conviction we do as to the testimony, it follows automatically that petitioner, who, despite the assertions of his counsel to the contrary, has the burden of proving error in the amount of tax found by respondent to be due, has failed entirely to carry his burden. The issue of fraud presents a different situation. The burden is on respondent to prove his charge of fraud and the proof of fraud must be clear and convincing. In our judgment in the instant case the proof meets the prescribed test. We are fully convinced that taxpayer adopted the fictitious name of Howard Berman in part of his dealings with Adrian Hat Company, one of his larger customers, for the sole purpose of defrauding the Government and that when he failed to include in his return of sales the transactions conducted *276 in the name of Berman the fraud was complete. Such conduct and the omission of income consequently earned was clearly fraudulent. Decision will be entered for the respondent.